United States District Court
Southern District of Texas

**ENTERED**

May 07, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN YBARRA,<br>(TDCJ #02311880), | § <br> § <br> § | |
| *Petitioner,* | § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. H-24-137 |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division, | § <br> § <br> § <br> § | |
| *Respondent.* | § <br> § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Martin Ybarra (TDCJ #02311880), is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division. Proceeding *pro se*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2020 state-court conviction and sentence. (Dkt. 1). Respondent Bobby Lumpkin answered the petition with a motion to dismiss and filed a copy of the state-court records. (Dkts. 7, 8). Ybarra filed a timely response. (Dkt. 9). Having considered Ybarra's petition, the motion and response, all matters of record, and the applicable legal authorities, the Court determines that Ybarra's petition must be dismissed as untimely.

## I.   BACKGROUND

On February 27, 2020, the 272nd District Court signed a judgment of

On December 28, 2023, Ybarra placed his federal petition for a writ of habeas corpus in the hands of prison officials for mailing. (Dkt. 1, p. 15). He raises the same claims in his federal petition that were raised in his state application. (*Id.* at 5-11). Concerning the timeliness of his petition, Ybarra alleges that he has been misled, mistreated, "strung along," and denied counsel throughout his case. (*Id.* at 13). He alleges that the Court of Criminal Appeals improperly dismissed his application because he insists that it was properly signed. (*Id.* at 14). He asks this Court to consider his claims on the merits and exonerate him. (*Id.* at 14-15).

The respondent answered the petition with a motion to dismiss, asserting that Ybarra's petition should be dismissed as untimely filed. (Dkt. 7). Ybarra replied to the motion, but his response is limited to asserting that the respondent did not fully address all of his claims and did not provide him with a copy of the state-court records filed with the Court.[1] (Dkt. 9). For the reasons explained below, the Court dismisses Ybarra's petition as barred by the applicable one-year statute of limitations.

---

[1]The respondent was not required to provide Ybarra with a copy of the state-court records, which were filed with the Court but not attached as an exhibit to the respondent's motion to dismiss. *See Sixta v. Thaler*, 615 F.3d 569, 572-73 (5th Cir. 2010).

## II.   DISCUSSION

### A.   One-Year Limitations Period

Ybarra's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which contains a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the latest of four accrual dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is an affirmative defense, which the respondent properly raised in his motion to dismiss.  (Dkt. 7, pp. 6-11).

Ybarra's AEDPA limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The pleadings and

4

matters of record show that Ybarra's conviction became final for purposes of federal habeas review on Tuesday, October 26, 2021, the date on which his time to seek review in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (providing that a state prisoner's conviction becomes final for purposes of § 2244 when the time to file a petition for writ of certiorari in the Supreme Court has expired (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998))); *see also* SUP. CT. R. 13(1) (providing that a petition for certiorari seeking review of a judgment of a state court that is subject to discretionary review must be filed within 90 days after entry of the order denying discretionary review). Under § 2244(d), the deadline for Ybarra to file a timely federal habeas petition was one year later, on October 26, 2022. But Ybarra did not file his federal habeas petition until December 28, 2023—more than a year after the limitations period had expired. His petition is therefore time-barred unless a later accrual date applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending is not counted toward the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). However, a state habeas application that does not comply with the state's procedural rules is not "properly filed" and so does not toll the limitations period. *Id.* at 8 ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

5

Texas Rule of Appellate Procedure 73.1 sets out the required form and content
for a habeas petition under Texas Code of Criminal Procedure article 11.07, and it
requires that an application be verified, either by an oath or a declaration. *See* TEX.
R. APP. P. 73.1(d). Rule 73.2 provides that applications that do not comply with the
form prescribed by the Court of Criminal Appeals are not to be filed. *See* TEX. R.
APP. P. 73.2. Similarly, article 11.14 of the Texas Code of Criminal Procedure
requires that an "[o]ath must be made that the allegations are true, according to the
belief of the petitioner." State habeas applications that are dismissed for
noncompliance with Texas Rule of Appellate Procedure 73.1 are not "properly filed"
and so do not toll the § 2244 limitations period. *See Jones v. Lumpkin*, 22 F.4th 486,
490 (2022).

In this case, Ybarra filed his unsigned state habeas application on December
21, 2021. The Court of Criminal Appeals dismissed that application because it did
not comply with the signature requirements of Rule 73.1(d). (Dkt. 8-33). Although
the Court of Criminal Appeals could have considered the merits of Ybarra's
application, *see Ex parte Golden*, 991 S.W.2d 859, 861 (Tex. Crim. App. 1999), the
application was nevertheless not "properly filed" because it did not comply with the
state's procedural rules. *See Carnahan v. Quarterman*, No. C-07-388, 2008 WL
2036706, at *5-6 (S.D. Tex. May 9, 2008) (citing *Williams v. Cain*, 217 F.3d 303,
309 (5th Cir. 2000)). Ybarra's improperly filed application does not toll the AEPDA

6

limitations period. *See Jones*, 22 F.4th at 490. Therefore, Ybarra's federal habeas petition, filed on December 28, 2023, is untimely under § 2244(d) and must be dismissed unless another statutory provision applies.

But Ybarra has not alleged facts showing that any other statutory extensions of the limitations period would apply. He has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, there is no statutory basis to allow Ybarra to avoid the effect of the limitations period, and his petition is barred unless another exception applies.

### B.   Equitable Tolling

In some instances, equitable tolling can extend the limitations period. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies only "in rare and exceptional circumstances"). A habeas

"petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Neither does a lack of knowledge of the law, a misunderstanding of filing deadlines, or status as a layman. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). And the habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Ybarra's allegations fail to satisfy either element necessary to entitle him to equitable tolling. First, Ybarra fails to show that he has been diligently pursuing his rights. He does not explain why he never refiled his state habeas application in compliance with Rule 73.1(d), and the untimeliness resulting from his failure to comply with those rules in the first place will not support equitable tolling. *See Larry v. Dretke*, 361 F.3d 890, 897-98 (5th Cir. 2004). In addition, Ybarra does not explain why he waited two months to ask the Court of Criminal Appeals to

8

reconsider the dismissal or why he waited more than ten months after the Court of Criminal Appeals denied his motion to reconsider before filing his federal petition. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and these long periods of inactivity indicate a lack of due diligence. Second, Ybarra has not alleged any facts tending to show that any extraordinary circumstance actually prevented him from timely filing his federal petition.[2]

Because Ybarra has failed to satisfy either element necessary to entitle him to equitable tolling, the limitations period will not be extended on that basis. Ybarra's federal habeas petition is untimely and will be dismissed on that basis.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the

---

[2]The Court is troubled by the failure of either the District Attorney or the state habeas trial court to raise the issue of the obvious lack of Ybarra's signature on his state habeas application earlier in the state habeas proceedings. Nevertheless, Ybarra's failure to file a state application that conformed to the rules after being informed of the error and his 10-month delay between learning of the state habeas application dismissal and filing his federal petition convinces the Court that Ybarra is not entitled to equitable tolling.

petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484).  When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Ybarra has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss, (Dkt. 7), is **GRANTED**.

2. Ybarra's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED** with

   prejudice as untimely.

3. Final judgment will be separately entered.

4. Any other pending motions are **DENIED** as moot.

5. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas on _____ May 7 _____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE